**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 18-cv-166<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

1.   Plaintiff American Oversight brings this action against the U.S. Department of Justice under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.   Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.   Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

1

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight will use the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The Office of Information Policy (OIP) is a component of DOJ and processes FOIA requests on behalf of certain other components of DOJ, including the Office of the Attorney General (OAG). OIP also adjudicates administrative appeals from adverse determinations made by any DOJ component. The National Security Division (NSD) is also a component of DOJ. OAG and NSD have possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*OAG FOIA*

7. American Oversight submitted a FOIA request to OIP ("OAG FOIA") seeking the following records:

    1) All communications from Chief of Staff Jody Hunt to anyone in the National Security Division or Criminal Division that discuss any ongoing investigation and in which Mr. Hunt express any views regarding the outcome of the investigation, including, but not limited to, stating or directing that the investigation should end in a particular outcome; or stating or implying that a particular outcome would be preferable, better, easier, or more palatable, including that a particular outcome would be preferable for litigation, policy, optical, or other reasons; and any responses thereto.

    2) All communications from Counselor to the Attorney General Rachael Tucker to anyone in the National Security Division or Criminal Division that discuss any ongoing investigation and in which Ms. Tucker express any views regarding the outcome of the investigation, including, but not limited to, stating or directing that the investigation should end in a particular outcome; or stating or implying that a particular outcome would be preferable, better, easier, or more palatable, including that a particular outcome would be preferable for litigation, policy, optical, or other reasons; and any responses thereto.

American Oversight sought all responsive records from January 20, 2017, to the date of the search. A copy of the OAG FOIA is attached hereto as Exhibit A and incorporated herein.

    8.    OIP has assigned the OAG FOIA tracking number DOJ-2017-005438.

    9.    By letter dated August 28, 2017, OIP responded to the OAG FOIA on behalf of OAG, wherein it stated that the records American Oversight sought are protected from disclosure. *See* Exhibit B.

    10.    DOJ has failed to conduct a search for records responsive to the OAG FOIA. *See* Exhibit B.

    11.    On information and belief, DOJ has invoked Exemption 7(A) for records responsive to the OAG FOIA without making a document-by-document determination regarding the applicability of the exemption.

12. DOJ has invoked Exemption 7(A) for as-yet-unidentified records responsive to the OAG FOIA without explaining how the records sought could reasonably be expected to interfere with the law enforcement proceeding at issue *See* Exhibit B.

13. DOJ has invoked Exemption 7(A) for as-yet-unidentified records responsive to the OAG FOIA without providing functional categories of withheld documents, to include conducting a document-by-document review to determine whether particular responsive documents fit into one of those categories or may be disclosed, in whole or in part. *See* Exhibit B.

14. On information and belief, DOJ did not evaluate records responsive to the OAG FOIA to determine whether it could release any reasonably segregable portion of any of the responsive records.

15. American Oversight timely appealed OIP's adverse determination on November 17, 2017. *See* Exhibit C. OIP assigned the appeal tracking number DOJ-AP-2018-001045.

*NSD FOIA*

16. American Oversight sought similar records from the NSD ("NSD FOIA"), specifically:

> 1) All communications from Chief of Staff Jody Hunt to anyone in the National Security Division (NSD) that discuss any ongoing investigation and in which Mr. Hunt express any views regarding the outcome of the investigation, including, but not limited to, stating or directing that the investigation should end in a particular outcome; or stating or implying that a particular outcome would be preferable, better, easier, or more palatable, including that a particular outcome would be preferable for litigation, policy, optical, or other reasons; and any responses thereto.
>
> 2) All communications from Counselor to the Attorney General Rachael Tucker to anyone in the NSD that discuss any ongoing investigation and in which Ms. Tucker express any views regarding the outcome of the investigation, including, but not limited to,

4

       stating or directing that the investigation should end in a particular outcome; or stating or implying that a particular outcome would be preferable, better, easier, or more palatable, including that a particular outcome would be preferable for litigation, policy, optical, or other reasons; and any responses thereto.

3) Any communications between or including employees within NSD discussing how to respond to any communications responsive to Items 1 or 2, or how to respond to any comparable oral communications. Please search NSD employees likely to have any responsive records, including, but not limited to, Acting Assistant Attorney General Mary McCord; Acting Assistant Attorney General Dana Boente; the Chief of Staff for the NSD; the Principal Deputy Assistant Attorney General; any Deputy Assistant Attorney General; or any appointee serving in the NSD as a non-career member of the Senior Executive Service, a Schedule C appointee, or temporary political appointment.

4) Any communications to employees of the NSD addressing any communications responsive to Items 1 and 2 or comparable oral communications.

American Oversight sought all responsive records from January 20, 2017, to the date of the search. A copy of the NSD FOIA is attached hereto as Exhibit D and incorporated herein.

    17.    NSD assigned the NSD FOIA tracking number 17-240.

    18.    By email dated August 17, 2017, NSD responded to the NSD FOIA, wherein it stated that the records American Oversight sought are protected from disclosure. *See* Exhibit E.

    19.    DOJ has failed to conduct a search for records responsive to the NSD FOIA. *See* Exhibit E.

    20.    On information and belief, DOJ has invoked Exemption 7(A) for records responsive to the NSD FOIA without making a document-by-document determination regarding the applicability of the exemption.

21. DOJ has invoked Exemption 7(A) for as-yet-unidentified records responsive to the NSD FOIA without explaining how the records sought could reasonably be expected to interfere with the law enforcement proceeding at issue *See* Exhibit E.

22. DOJ has invoked Exemption 7(A) for as-yet-unidentified records responsive to the NSD FOIA without providing functional categories of withheld documents, to include conducting a document-by-document review to determine whether particular responsive documents fit into one of those categories or may be disclosed, in whole or in part. *See* Exhibit E.

23. On information and belief, DOJ did not evaluate records responsive to the NSD FOIA to determine whether it could release any reasonably segregable portion of any of the responsive records.

24. American Oversight timely appealed NSD's adverse determination on November 15, 2017. *See* Exhibit F. OIP assigned the appeal tracking number DOJ-AP-2018-00966.

*Exhaustion of Administrative Remedies*

25. American Oversight timely appealed OAG's and NSD's final determinations. *See* Exhibits C and F.

26. OIP has not made a determination with respect to either appeal.

27. Through DOJ's failure to make a determination regarding American Oversight's appeals within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

28. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. American Oversight properly requested records within the possession, custody, and control of DOJ.

30. DOJ is an agency subject to FOIA, and its components OAG and NSD must therefore make reasonable efforts to search for requested records.

31. DOJ, through its components OAG and NSD, has failed to promptly review agency records for the purpose of locating those records which are responsive to American Oversight's FOIA requests.

32. DOJ's failure to conduct an adequate search for responsive records violates FOIA.

33. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

34. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35. American Oversight properly requested records within the possession, custody, and control of DOJ.

36. DOJ is an agency subject to FOIA, and its components OAG and NSD must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

37. DOJ, through its components OAG and NSD, is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

38. DOJ, through its components OAG and NSD, is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA requests.

39. DOJ's failure to provide all non-exempt responsive records violates FOIA.

40. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: January ##, 2018                    Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

*/s/ Austin R. Evers*
Austin R. Evers
D.C. Bar No. 1006999
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org
austin.evers@americanoversight.org

*Counsel for Plaintiff*