# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE,<br><br>     Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:18-cv-00166-JDB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF VANESSA R. BRINKMANN

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1. I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice. In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests processed by the Initial Request Staff (IR Staff) of OIP that are subject to litigation. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the Department of Justice, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO). The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice, as well as with other Executive Branch agencies.

1

2. I make the statements herein based on my personal knowledge, as well as on information that I acquired while performing my official duties.

### Plaintiff's FOIA Request and OIP's Response

3. By letter submitted via email, dated July 19, 2017, Austin Evers submitted a FOIA request on behalf of American Oversight to OIP.

4. The FOIA request sought records of:

   All communications from Chief of Staff Jody Hunt to anyone in the National Security Division or Criminal Division that discuss any ongoing investigation and in which Mr. Hunt express any views regarding the outcome of the investigation, including, but not limited to, stating or directing that the investigation should end in a particular outcome; or stating or implying that a particular outcome would be preferable, better, easier, or more palatable, including that a particular outcome would be preferable for litigation, policy, optical, or other reasons; and any responses thereto; and

   All communications from Counselor to the Attorney General Rachael Tucker to anyone in the National Security Division or Criminal Division that discuss any ongoing investigation and in which Ms. Tucker express any views regarding the outcome of the investigation, including, but not limited to, stating or directing that the investigation should end in a particular outcome; or stating or implying that a particular outcome would be preferable, better, easier, or more palatable, including that a particular outcome would be preferable for litigation, policy, optical, or other reasons; and any responses thereto.

5. The request stated that the timeframe of the search should be from January 20, 2017, up until the date the search was initiated.

6. Plaintiff requested a waiver of fees in its July 19, 2017 request.[1]

7. By letter dated August 16, 2017, OIP acknowledged receipt of plaintiff's FOIA request, assigning it OIP tracking number DOJ-2017-005438 (AG). In this acknowledgment letter, OIP informed plaintiff that the records sought required searches in other offices and the request therefore fell within "unusual circumstances" pursuant to 5 U.S.C. § 552 (a)(6)(B)(i)-

---

[1] No fees have been assessed for plaintiff's request. Accordingly, plaintiff's request for a waiver of fees is moot.

(iii). A copy of OIP's acknowledgment letter to plaintiff dated August 16, 2017, is attached hereto as Exhibit A.

8. On January 26, 2018, plaintiff filed suit in connection with its July 19, 2017 request. See Complaint, ECF No. 1.

9. By letter dated April 13, 2018, OIP provided a response to plaintiff's attorneys, Mr. Evers and Ms. Cafasso, informing plaintiff that a search had been completed on behalf of OAG, and no responsive records subject to FOIA were located. A copy of OIP's response dated April 13, 2018, is attached hereto as Exhibit B.[2]

## Adequacy of OIP's Records Search

### Description of OIP's Standard Search Methods

10. As noted in paragraph 1 above, OIP processes FOIA requests on behalf of itself and six senior leadership offices of the Department of Justice. OIP makes determinations upon receipt of a FOIA request, both as to the appropriate senior leadership office or offices in which to conduct initial records searches, as well as the records repositories and search methods to use in conducting records searches on behalf of the designated senior leadership offices. Assessments of where responsive records are likely maintained are based on a review of the content of the request itself and the nature of the records sought therein, as well as our familiarity with the types and location of records that each senior leadership office maintains, discussions with knowledgeable personnel in the senior leadership offices, and any research that OIP staff may conduct on the topic of the request. Potentially responsive records may be located in email systems, electronic documents (computer files), and/or hard copy (paper files).

---

[2] OIP had previously sent an August 28, 2017, response to plaintiff. That response was superseded by OIP's April 13, 2018 response, and therefore is not addressed herein.

11. When processing a FOIA request implicating records maintained by one or more of the senior leadership offices, OIP typically initiates records searches by sending a search notification email to the specific office(s), which notifies the office(s) of the receipt of the request and that OIP will conduct an electronic search of certain staff members within that office. Once the search notification has been issued to the appropriate office, OIP commences a search that encompasses the email, computer hard drive, and/or paper files maintained by applicable staff in that office, using terms and date ranges relevant to the subject of the FOIA request.

12. OIP's initial determination regarding relevant leadership offices, search methods, and/or records custodians is not always final. In order to ensure that reasonably thorough records searches are conducted, during the course of processing a given FOIA request, OIP continually assesses whether other (both current and former) staff members' records should be searched, or whether supplemental or alternative search methods (such as targeted inquiries to knowledgeable leadership office staff regarding the existence of records not identified via "keyword" searches) should be used, and will initiate such additional searches as appropriate. This assessment is based on OIP's review of records that are located in the initial records searches, discussions with Department personnel, or other pertinent factors. In sum, OIP records searches are conducted in an efficient and comprehensive manner, and the various search steps undertaken by OIP staff in response to a given request work in tandem to achieve a complete records search.

<u>OIP's Records Searches Conducted in Response to Plaintiff's Request</u>

13. In accordance with the methods set forth in paragraphs 10-12, OIP determined that OAG was the leadership office most likely to maintain responsive records pertaining to the request because the request sought records of two individuals who were, for the time period relevant to the request, OAG officials (Jody Hunt and Rachael Tucker). OIP conducted searches

of the electronic records (email and electronic documents) of these two OAG officials for records responsive to plaintiff's FOIA request.

14. Unclassified email and other electronic records are searched by OIP using a sophisticated electronic system which remotely searches through a given custodian's entire email collection and electronic computer files to isolate and locate potentially responsive records within that collection of digital records, using search parameters that are provided by OIP staff. This same system then serves as the review platform by which OIP staff review the records retrieved using those initial search parameters.

15. OIP initiated its search efforts on February 23, 2018. Remote electronic searches of the unclassified email and electronic document files of the two OAG officials identified in plaintiff's request (Jody Hunt and Rachael Tucker) were performed. Moreover, consistent with the standard procedures as described in paragraph 11, OIP sent a search notification to OAG with the details of the request and instructions to identify any additional records, such as text and voice messages, or material maintained within a classified system, that would not be captured by OIP's remote search. No such records (i.e., records not captured by OIP's remote search) were ultimately identified.

16. In conducting these electronic searches, OIP searched records from January 20, 2017, to February 23, 2018[3], using the broad search term "investigation" found anywhere in the email and/or document where Jody Hunt or Rachael Tucker communicated with a list of fourteen different officials from the National Security Division or the Criminal Division.

---

[3] Mr. Hunt departed OAG in October 2017; accordingly, OIP's search of his OAG account would, as a practical matter, have included records up to the date of his departure from OAG.

17. The relevant National Security Division officials and their positions during part or all of the relevant timeframe were as follows: Mary McCord, Acting Assistant Attorney General (AAG) for National Security; Dana Boente, Acting AAG for National Security; Brad Weinsheimer, Acting Chief of Staff; George Toscas, Deputy Assistant Attorney General (DAAG); Stuart Evans, DAAG; Brad Wiegmann, DAAG; and Adam Hickey, DAAG. The relevant Criminal Division officials and their positions during part or all of the relevant timeframe were the following: Kenneth Blanco, Acting AAG for the Criminal Division; James Mann, Chief of Staff; David Bitkower, Principal DAAG; Trevor McFadden, Principal DAAG; David Rybicki, Principal DAAG; John P. Cronan, Acting Principal DAAG and Acting AAG; and Kevin Driscoll, Acting Chief of Staff. OIP used these officials in its search because it determined that any communications involving the OAG Chief of Staff and Counselor to the AG (i.e. Mr. Hunt and Ms. Tucker) regarding the subjects identified in plaintiff's FOIA request most likely would have been sent to these high-level division officials.

18. These searches returned a combined total of approximately 3,820 potentially responsive items ("search hits"), consisting of approximately 1,531 separate documents and 2,263 associated attachments.

19. An Attorney-Advisor, using the electronic search and review platform identified above, individually reviewed these search hits for any records that were responsive to plaintiff's FOIA request. No responsive records were identified.

20. In addition to the remote search of unclassified emails detailed above, on April 5, 2018, an OIP Attorney-Advisor searched Rachael Tucker's classified email account using the

6

general search term "investigation." No records responsive to plaintiff's FOIA request were identified in the classified email account.[4]

## Summary and Adequacy of OIP's Records Searches

21. In sum, OIP conducted a search for any responsive records from January 20, 2017, to February 23, 2018. The scope of that search included, as appropriate, searches of the unclassified email and electronic documents (computer files) of the two officials identified in the FOIA request, as well as the classified email of Rachael Tucker. Based on my experience with the Department, my familiarity with the records maintained by the leadership offices, discussions with knowledgeable staff, as well as my understanding of the scope of plaintiff's request, and information gathered from the search results themselves, I aver that OIP's searches were reasonably calculated to uncover all potentially responsive records and that all files likely to contain relevant documents were searched.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Vanessa R. Brinkmann
Senior Counsel

Executed this 21st day of June, 2018.

---

[4] I have been advised that Mr. Hunt did not use a classified email account during his tenure at OAG.

# Exhibit A



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

August 16, 2017

Mr. Austin Evers
American Oversight
1030 15th Street NW
Suite B255
Washington, DC  20005            Re:     DOJ-2017-005438 (AG)
foia@americanoversight.org               VAV:KJK

Dear Mr. Evers:

    This is to acknowledge receipt of your Freedom of Information Act (FOIA) request dated and received in this Office on July 19, 2017, in which you requested 1) "correspondence from Chief of Staff Jody Hunt to… the National Security Division or Criminal Division that discuss any ongoing investigation and in which Mr. Hunt express[es] any views regarding the outcome of the investigation," dating since January 20, 2017, and 2) "correspondence from Counselor to the Attorney General Rachel Tucker to… the National Security Division or Criminal Division that discuss any ongoing investigation and in which Ms. Tucker express[es] any views regarding the outcome of the investigation," dating since January 20, 2017.  This response is made on behalf of the Office of the Attorney General.

    The records you seek require a search in another Office, and so your request falls within "unusual circumstances."  See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii).  Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute.  For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request.  At this time we have assigned your request to the complex track.  In an effort to speed up our process, you may wish to narrow the scope of your request to limit the number of potentially responsive records so that it can be placed in a different processing track.  You can also agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to discuss either of these options.

    We have not yet made a decision on your request for a fee waiver.  We will do so after we determine whether fees will be assessed for this request.

    I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible.  If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact me by telephone at

-2-

the above number or you may write to me at the above address.  You may also contact our FOIA Public Liaison, Laurie Day, for any further assistance and to discuss any aspect of your request at:

        1425 New York Avenue, NW
        Suite 11050
        Telephone: (202) 514-3642
        Fax: (202) 514-1009

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

        Sincerely,

        Kim Kochurka
        Government Information Specialist

# Exhibit B



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

April 13, 2018

Mr. Austin Evers
Ms. Cerissa Cafasso
American Oversight
1030 15th Street NW
Suite B255
Washington, DC  20005
austin.evers@americanoversight.org
cerissa.cafasso@americanoversight.org

Re:  DOJ-2017-005438 (AG)
No. 1:18-cv-00166 (D.D.C.)
VRB:CJOK:JRS

Dear Mr. Evers and Ms. Cafasso:

  This is a supplemental response to your organization's Freedom of Information Act (FOIA) request dated and received in this Office on July 19, 2017, which sought:
(1) "correspondence from [Attorney General Jeff Sessions']Chief of Staff Jody Hunt to… the National Security Division or Criminal Division that discuss any ongoing investigation and in which Mr. Hunt express[es] any views regarding the outcome of the investigation," and
(2) "correspondence from Counselor to the Attorney General Rachael Tucker to… the National Security Division or Criminal Division that discuss any ongoing investigation and in which Ms. Tucker express[es] any views regarding the outcome of the investigation," dating since January 20, 2017.  This response is made on behalf of the Office of the Attorney General (OAG).

  Please be advised that records searches have been completed on behalf of OAG, and no records responsive to your request were located.

  For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c) (2015) (amended 2016).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

  If you have any questions regarding this response, please contact Michelle Bennett of the Department's Civil Division, Federal Programs Branch, at (202) 305-8902.

Sincerely,

*/s/ Vanessa R. Brinkmann*

Vanessa R. Brinkmann
Senior Counsel